UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOYCE MICHELLE DYER,<br><br>                    Plaintiff,<br>     v.<br><br>PIERCE COUNTY SUPERIOR COURT JUDGE KITTY VANDOORNICK, SUPERIOR COURT PROSECUTOR, ATTORNEY HALLSTROM, TACOMA POLICE OFFICER ARRESTING AGENCY and ATTORNEY VERA CHER,<br><br>                    Defendants. | No. C10-5386 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: August 20, 2010** |

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff's application to proceed *in forma pauperis* (Dkt. 1) is pending.[1]  On May 28, 2010, Plaintiff filed her proposed civil rights complaint. Dkt. 1-2.  After reviewing the complaint in this action the undersigned recommends that the action be dismissed with prejudice prior to service because Ms. Dyer seeks extraordinary mandamus relief in this lawsuit.

---

[1] On June 2, 2010, the Clerk advised Plaintiff that her *in forma pauperis* application was incomplete because she failed to utilize the court's form and did not provide a trust account statement, authorization and written consent. Dkt. 2.  That letter was returned to the court as undeliverable ("not here, return to sender") on June 10, 2010. On June 15, 2010, the Clerk updated Plaintiff's address and resent the deficiency letter to her.  As of this date, Plaintiff has not completed her *in forma pauperis* application.

REPORT AND RECOMMENDATION - 1

## FACTUAL BACKGROUND

In her complaint, Ms. Dyer alleges that she was arraigned on December 2, 2009 and that her attorney entered a plea bargain to reduce the residential burglary charge (a felony) to a first degree criminal trespassing charge (a misdemeanor). Dkt. 1-2, p. 3. She alleges that despite the plea agreement, Judge Van Doornick issued a felony warrant for her arrest when she failed to appear. *Id.* She alleges that despite the plea agreement, the computer reflects that she is "felony status." *Id.*

Plaintiff requests that this court (1) transfer "the case bench probation to Tacoma Municipal's misdemeanor court"; (2) order the superior court judge to make sure that no felony warrants are ever issued on an agreed misdemeanor case; (3) order her release on her personal recognizance for treatment or set a reasonable bail; (4) to file a complaint against the judge for proceeding with charges when there was no police report; and, (5) to file a complaint against her attorney for advising her to enter into a guilty plea.

## DISCUSSION

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 540 U.S. 544, 127 S.Ct. 1955, 1965 (2007)(citations omitted). In other words, failure to present enough facts to state a claim for

REPORT AND RECOMMENDATION - 2

relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

In this case, Ms. Dyer seeks to compel this court to issue orders directing a Pierce County Superior Court Judge to take certain action regarding the future issuance of warrants from her courtroom, directing the transfer of her felony case to municipal court, and to file various complaints against a Superior Court Judge and her defense counsel. Although Ms. Dyer filed her complaint under 42 U.S.C. § 1983, and not as a petition for writ of mandamus pursuant to 28 U.S.C. § 1361, her allegations and the relief she seeks are clearly in the nature of mandamus.

The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or an agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is an extraordinary remedy. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). A writ of mandamus is appropriately used only when (1) the petitioner's claim is "clear and certain"; (2) the respondent official's duty to act is ministerial and (3) no other adequate remedy is available. *Id*. (citing *Fallini v. Hodel*, 783 F.2d 1343, 1345 (9th Cir. 1986)).

The extraordinary remedy of mandamus is not appropriate to compel the type of relief sought by Plaintiff in this lawsuit. The district court does not have jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d

REPORT AND RECOMMENDATION - 3

1160, 1161 (9th Cir. 1991).  It does not appear this defect can be cured and dismissal prior to service is therefore appropriate.  *Franklin v. State of Oregon, State Welfare Division*, 662 F.2d 1337 (9th Cir. 1981).

## CONCLUSION

Plaintiff has not stated a cognizable claim under 42 U.S.C. § 1983.  Therefore, this action should be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 20, 2010**, as noted in the caption.

DATED this 29th day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4